```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| ELL DOLORES FREEZE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action |
| COASTAL BEND FOOT SPECIALIST, § | No. C-06-481 |
| PAUL S. KRUSZKA, D.P.M., § | |
| TRAILBLAZER HEALTH ENTERPRISES, § | |
| L.L.C., and CENTERS FOR MEDICARE § | |
| & MEDICAID SERVICES (CMS), § | |
| § | |
| Defendants. § | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

On this day came on to be considered Plaintiff's motion to remand this case back to state court (D.E. 6). For the reasons set forth below, Plaintiff's motion to remand is hereby DENIED.

## I. Background

On February 26, 2004, Plaintiff filed her Original Petition against Paul Kruszka, DPM and the Coastal Bend Foot Specialist, alleging negligence in connection with foot surgery that took place on February 22, 2006. (D.E. 1, Notice of Removal, Exhibits). Plaintiff claims that while performing surgery, Dr. Kruszka "caused serious injury" to Plaintiff's foot, which required further surgery and treatment, and "which will require additional surgeries in the future." (Original Petition, ¶ 7). Plaintiff's Original Petition only names Dr. Kruszka and the Coastal Bend Foot Specialist as Defendants, and Plaintiff's only cause of action is for negligence. (Id. at ¶¶ 2-3, 7-17).

On September 20, 2006, Plaintiff filed her "Amended Petition for Declaratory Judgment" (hereinafter, "Amended Petition"). (Notice of Removal, ¶ 5). Plaintiff still asserts a negligence claim against Dr. Kruszka and the Coastal Bend Foot Specialist. (Amended Petition, ¶¶ 2-3, 13). However, Plaintiff also adds TrailBlazer Health Enterprises, L.L.C. ("TrailBlazer") and Centers for Medicare and Medicaid Services ("CMS") as Defendants, and she brings a cause of action for declaratory judgment against TrailBlazer and CMS. (Id. at ¶¶ 4-5, 8).

Plaintiff's Amended Petition states that TrailBlazer and CMS have asserted Medicare's right to recovery under the Medicare Secondary Payer ("MSP") statute, 42 U.S.C. 1395y(b)(2).[1] (Amended Petition, ¶ 8). Plaintiff claims that TrailBlazer and CMS "have failed and refused to acknowledge whether a claim for reimbursement exists or the amount of any such claim." (Id.). Plaintiff seeks

---

[1] Pursuant to the MSP statute, Medicare becomes a secondary payer whenever another primary payer is available to pay for items and services provided to a Medicare beneficiary. See 42 U.S.C. § 1395y(b)(2)(A); see also Walters v. Leavitt, 376 F.Supp.2d 746, 750-51 (E.D. Mich. 2005); Cochran v. U.S. Health Care Financing Admin., 291 F.3d 775, 777 (3d Cir. 2002). The MSP allows for Medicare to make conditional payments for items or services, so that "the beneficiary gets the health care she needs, but Medicare is entitled to reimbursement if and when the primary payer pays her." Cochran, 291 F.3d at 777; see also 42 U.S.C. § 1395y(b)(2)(B)(i). Medicare has subrogation rights to the beneficiary's right to recover from the primary payer. See 42 U.S.C. § 1395y(b)(2)(B)(iii). Pursuant to 42 C.F.R. § 411.37, Medicare has a subrogation right to any judgment or settlement "related to" injuries for which Medicare paid medical costs. In such a case, the tortfeasor is the primary payer.

declaratory judgment "of the total amount due to Medicare" as a result of the injuries stemming from Plaintiff's foot surgery. (Id.).

Plaintiff served TrailBlazer with the Amended Petition on September 28, 2006. (Notice of Removal, ¶ 5). TrailBlazer removed the case to this Court on October 30, 2006. (Id.). TrailBlazer's Notice of Removal states that the case is "removable to federal court under the Federal Officer Removal Act, 28 U.S.C. § 1442(a)." (Id. at ¶ 8).

On November 29, 2006, Plaintiff moved to remand the case, on the grounds that TrailBlazer's removal was not timely, and that TrailBlazer did not receive consent for removal from other named Defendants. (D.E. 6, Remand Motion, ¶¶ 6-7). As set forth below, these arguments are not persuasive, since TrailBlazer's removal fell within the time period prescribed by 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), and consent of other named defendants is not required for federal officer removals pursuant to 28 U.S.C. § 1442(a).

**II. Discussion**

    **A. TrailBlazer's Removal Was Timely**

28 U.S.C. § 1446(b) provides that a notice of removal must be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based." 28 U.S.C. § 1446(b).

Pursuant to Federal Rule of Civil Procedure 6(a), if a deadline falls on a Saturday, Sunday, legal holiday, or a day when the clerk's office is inaccessible, the time period is extended "until the end of the next day which is not one of the aforementioned days." Fed. R. Civ. P. 6(a). Federal Rule of Civil Procedure 6(a) applies to "any applicable statute," and numerous courts have applied Rule 6(a) to determine the proper deadline for removal under 28 U.S.C. § 1446(a). See, e.g., Wells v. Gateways Hosp. & Mental Health Ctr., 76 F.3d 390 (9th Cir. 1996) (using Rule 6(a) to extend removal filing deadline from thirtieth day, which landed on a Sunday, to the following Monday); In re Diet Drugs Prods. Liab. Litig., 1999 WL 554584, *1 (E.D. Pa. 1999) (defendant could remove on the thirty-second day after service of the complaint, where the thirtieth day fell on a Saturday, because "Federal Rule of Civil Procedure 6(a) governs the computation of the time period set forth in 28 U.S.C. 1446"); Medina v. Wal-Mart Stores, Inc., 945 F.Supp. 519, 520 (W.D.N.Y. 1996) (thirtieth day after service fell on a Saturday, so the last day defendant could file a notice of removal became the following Monday); S.M. v. Jones, 794 F.Supp. 638, 639 (W.D. Tex. 1992); see also Wirtz v. Peninsula Shipbuilders Ass'n, 382 F.2d 237, 239 (4th Cir. 1967) (pursuant to Federal Rule of Civil Procedure 6(a), "courts of appeals have consistently held conduct timely if performed on the

subsequent Monday when the applicable time limit terminated on [the weekend], regardless of the nature of the time limit.").

In the instant case, TrailBlazer's removal was timely filed. TrailBlazer was served on September 28, 2006, and it removed on October 30, 2006. Pursuant to 28 U.S.C. § 1446(b), TrailBlazer had thirty days to remove after receipt of the complaint. In this case, thirty days after September 28, 2006 fell on a Saturday (October 28, 2006). The next non-weekend day was Monday, October 30, 2006. Accordingly, pursuant to Federal Rule of Civil Procedure 6(b), TrailBlazer timely filed its notice of removal on Monday, October 30, 2006, within the deadline set by 28 U.S.C. § 1446(b).

**B.   Consent of Other Defendants Not Necessary for Removal Pursuant to 28 U.S.C. § 1442(a)**

TrailBlazer removed the case pursuant to 28 U.S.C. § 1442(a), which states as follows in relevant part:

- (a) A civil action ... commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

- (1) The United States ... or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of revenue.

28 U.S.C. § 1442(a)(1).  (See also Notice of Removal, ¶ 8).

TrailBlazer is the Medicare Part A fiscal intermediary and the

Medicare Part B carrier for the State of Texas. (Notice of Removal, ¶ 1). TrailBlazer administers Medicare Parts A and B in Texas "on behalf of and pursuant to" contracts with Centers for Medicare & Medicaid Services ("CMS").[2]  (Id.).

Several cases have specifically held that a Medicare fiscal intermediary, such as TrailBlazer, can remove a case pursuant to 28 U.S.C. § 1442(a). See, e.g., Peterson v. Blue Cross/Blue Shield of Texas, 508 F.2d 55, (5th Cir. 1975) (holding that it was "indisputable" that Medicare fiscal intermediaries fell within the scope of Section 1442(a)(1)); Neurological Assocs. v. Blue Cross/Blue Shield of Florida, Inc., 632 F.Supp. 1078, 1080 (S.D. Fla. 1082) (Medicare fiscal intermediary could remove case under 28 U.S.C. § 1442(a)); Group Health Inc., 587 F.Supp. at 889 (same).[3]

---

[2] CMS is a an agency of the United States Department of Health and Human Services ("HHS"). Pursuant to 42 U.S.C. § 1395u, the HHS Secretary (through CMS) designates certain non governmental insurance carriers to act as fiscal intermediaries. The HHS Secretary delegates primary claims processing responsibility to these entities. See Courtney, D.O v. Choplin, 195 F.Supp.2d 649, 651 (D. N.J. 2002); see also Group Health Inc. v. Blue Cross Ass'n, 587 F.Supp. 887, 888 (S.D.N.Y. 1984) (a Medicare fiscal intermediary is a "private organization under contract with HHS to serve as a conduit for federal money.").

[3] The Fifth Circuit has also established the following three part test necessary for a defendant to remove pursuant to 28 U.S.C. § 1442(a):  (1) the defendant must establish that it is a "person" within the meaning of the statute; (2) the defendant must show that it "acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' actions under color of federal office and the plaintiff's claims"; and (3) the defendants must assert a "colorable federal defense" to the plaintiff's claims. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 398-400 (5th Cir. 1998). TrailBlazer satisfies these three requirements. TrailBlazer is a "person"

TrailBlazer did not need the consent of other named Defendants to remove pursuant to 28 U.S.C. § 1442(a).  Removal pursuant to "[section] 1442[a] represents an exception to the general rule (under §§ 1441 and 1446) that all defendants must join in the removal petition.  Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition".  Ely Valley Mines, Inc. v. Hartford Acc. and Indem. Co., 644 F.2d 1310, 1315 (9th Cir. 1981); see also Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992) ("the ability of federal officers to remove without the consent of co-defendants is based on the language of the statute [28 U.S.C. § 1442(a)] that gives them the right to remove."); Buchinger ex rel. Estate of Buchinger v. Garlock, Inc., 2005 WL 2338801, *2 (N.D. Fla. 2005) ("Section 1442(a) does not require [the removing defendant] to notify or obtain the consent of any other defendant

---

under the meaning of the statute, as it is "a [Medicare] fiscal intermediary and, thereby, an agent of the United States." Overlook Nursing Home, Inc. v. United States, 556 F.2d 500, 501 (Ct. Cl. 1977).  Actions of a fiscal intermediary that is under contract with HHS "[a]re taken under color of the office of the Secretary of HHS." Group Health Inc., 587 F.Supp. at 890.  There is a causal nexus between Plaintiff's claim and TrailBlazer's actions under color of federal office, since Plaintiff seeks information regarding TrailBlazer's performance of its duties as a Medicare carrier/fiscal intermediary.  Finally, TrailBlazer has two colorable federal defenses to Plaintiff's declaratory judgment action.  TrailBlazer may assert (1) that it is immune from Plaintiff's claim under the doctrine of sovereign immunity; and (2) that this Court should dismiss Plaintiff's claim because Plaintiff failed to exhaust administrative remedies, as is required by 42 U.S.C. § 405(g).  (Notice of Removal, ¶ 10).

in the action in order to remove the entire case to federal court."); Fowler v. Southern Bell Tel. & Tel. Co., 343 F.2d 150, 152 (5th Cir. 1965) ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court"); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998) (Section 1442(a) "allows a federal officer independently to remove a case to federal court even though that officer is only one of several named defendants."); Freiberg v. Swinerton & Walberg Property Servs., Inc., 245 F.Supp.2d 1144, 1148 (D. Colo. 2002) ("federal officer removal under § 1442(a)(1) is an exception to the general rule requiring all defendants to join in a removal"); Bradford v. Harding, 284 F.2d 307, 310 (2d Cir. 1960).

Accordingly, TrailBlazer's removal of the case pursuant to 28 U.S.C. § 1442(a) was proper, even if TrailBlazer did not have the consent of other named Defendants in the case.

The Court notes that this Order is limited to whether TrailBlazer's removal of the case was proper, and for the reasons set forth above, this Court denies Plaintiff's motion to remand because TrailBlazer's removal was proper and timely pursuant to 28 U.S.C. §§ 1442(a) and 1446(b). This Court specifically notes that if Plaintiff's claim for declaratory judgment is found to "arise under" the Medicare Act and Plaintiff did not exhaust her administrative remedies as required by 42 U.S.C. § 405(g), then this Court will not have subject matter jurisdiction over this

action.[4]  See 42 U.S.C. §§ 405(h) and 405(g); see also Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 5 (2000); Cochran, 291 F.3d at 779.

### III. Conclusion

For the reasons set forth above, this Court hereby DENIES Plaintiff's motion to remand this case back to state court.

SIGNED and ENTERED this 1st day of December, 2006.

_____
Janis Graham Jack
United States District Judge

---

[4] If a plaintiff's claim "arises under" the Medicare Act, the plaintiff must follow the requirements of 42 U.S.C. § 405(g) before filing suit in the district court. See Marsaw v. Trailblazer Health Enters., L.L.C., 192 F.Supp.2d 737, 744 (S.D. Tex. 2002); Norah v. Leavitt, 2005 WL 887282, *2 (E.D. La. 2005) (Section 405(g) "provides the sole avenue for judicial review of all claims 'arising under' the Medicare Act."); 42 U.S.C. § 405(h). Pursuant to Section 405(g), the district court cannot review any claim arising under the Medicare Act *until the Commissioner of Social Security makes a "final decision", after a hearing at which the plaintiff was a party*. If a plaintiff's claim is determined to arise under the Medicare Act, and the plaintiff did not exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) (*i.e.*, there is no post-hearing final decision by the Commissioner of Social Security), then the district court must dismiss the case for lack of subject matter jurisdiction. See Shalala, 529 U.S. at 5; Cochran, 291 F.3d at 779 (internal citations omitted) ("Until a claimant has exhausted her administrative remedies by going through the agency appeals process, a federal district court has no subject matter jurisdiction over her lawsuit seeking to recover on any claim arising out of the Medicare Act"). Of note, the state court would not have any jurisdiction over a claim arising out of the Medicare Act, such jurisdiction is exclusively federal and exclusively pursuant to 28 U.S.C. § 405(g). See 42 U.S.C. § 405(h).